IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
04 FEB 25 PM 1:5
U.S. DISTRICT COURT
N.D. OF ALABAMA

MARTHA M. DAVIS,

   PLAINTIFF,

vs.                                 CASE NO. CV 03-J-3167-J

WYETH, et al.,

   DEFENDANTS.

ENTERED
FEB 25 2004

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's motion to remand and motion for sanctions (doc. 10) and the defendant's opposition to remand (doc. 13). The court having previously stayed this matter pending decision on conditional transfer by the Judicial Panel on Multidistrict Litigation, said stay is hereby **LIFTED**.[1] Having considered the motion to remand and the opposition thereto, the court finds as follows:

Plaintiff filed suit in the Circuit Court of Walker County against defendant Wyeth, Inc. ("Wyeth"), and three of defendant Wyeth's pharmaceutical sales representatives, Mary Lou Carnaggio, Nikki N. Windham and David Wurm. The parties do not dispute that the sales representatives are Alabama residents. The plaintiff asserts claims under the Alabama Extended Manufaturer's Liability Doctrine

---

[1] The court has received notice from the Judicial Panel on Multidistrict Litigation concerning opposition to the conditional transfer order. Said notice further states that said conditional transfer order "does not in any way limit the pretrial jurisdiction of [this] court." The letter further encourages the court to rule on "a motion pending before you in the action – particularly a motion to remand to state court ..." Given this stance by the Judicial Panel, this court has revisited its prior stay of this litigation and the motion to remand pending before it.



(AEMLD), failure to warn, breach of warranty of merchantability, negligence, wantoness and fraud, misrepresentation and suppression arising from her use of the diet drugs fenfluramine (Pondimin) and dexfenfluramine (Redux). These diet drugs were removed from the market in 1997 due to their association with medical problems such as primary pulmonary hypertension and heart valve defects. Complaint, ¶¶ 14, 25-49. Defendant Wyeth removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and that the individual defendants were fraudulently joined as the plaintiff has no reasonable possibility of prevailing on any of her claims against them. Notice of Removal, ¶¶ 4, 7.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder

of the non-diverse party, as alleged by the defendant. Joinder is fraudulent when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993).

> "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker,* 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998).

The defendant, as the party removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz,* 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must

resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citation omitted).[2]

Plaintiff alleges in her complaint that each of the defendants promoted, detailed, distributed, sold, and/or marketed and made representations to Dr. Jerry V. Mosely, the plaintiff's physician, concerning these drugs. Complaint, ¶ 8. Based on these representations, the plaintiff was prescribed these drugs by her physician, *Id*. Defendant Wyeth argues that the individual defendants never promoted Pondimin and hence, said individual defendants can not be liable for the plaintiffs' injuries from Pondimin. Defendant's opposition, at 4. However, this argument goes to the merits of the plaintiff's claim against the individual defendants, which is not the issue before this court. The fact that plaintiff may not ultimately prevail against any of the individual defendants is not a proper inquiry for this court in considering a motion to remand. Rather, this court may only consider whether the plaintiff has the possibility of stating a valid cause of action against the non-diverse defendants. *Triggs*, 154 F.3d at 1287. The individual defendants admit that they promoted Redux to physicians based on information provided to them by Wyeth. *See e.g.*, Affidavit

---

[2]This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

4

of defendant Wurm, ¶ 5, 7. Because the court need only find one possible valid cause of action against the non-diverse defendants, the court considers only the plaintiff's claim of fraud, misrepresentation and suppression (Count VI), which the plaintiff has pleaded against all defendants.[3]

To establish misrepresentation under Alabama law, irrespective of whether the misrepresentation was made willfully, recklessly, or mistakenly, the plaintiff must prove (1) a false representation, (2) that the false representation concerned an existing material fact, (3) that the plaintiff relied on the false representation, and (4) that the plaintiff was damaged as a proximate result of the reliance. *Chase v. Kawasaki Motors Corp*, 140 F.Supp.2d 1280, 1291 (M.D.Ala.2001). The fact that the representation was made to a different individual than the one suffering the injury is not fatal to a claim for misrepresentation under Alabama law. *See Thomas v. Halstead*, 605 So.2d 1181, 1184 (Ala.1992) ("if a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place"); *Chase*, 140 F.Supp.2d at 1291, n. 8 ("The court notes that under Alabama law it is not always required that a plaintiff prove that a misrepresentation was made directly to him, so long as his injuries resulted from the

---

[3] The court has not considered whether Counts I-V state possibly valid causes of action against the individual defendants. Rather, as only one stated cause of action must have a possibility of validity to destroy diversity jurisdiction, the court makes no judgment as to any cause of action stated in the complaint other than the count for misrepresentation.

misrepresentation"). Thus "there is a duty not to make a false representation to those to whom a defendant intends, for his own purposes, to reach and influence by the representation." *Wheelan v. Sessions*, 50 F.Supp.2d 1168, 1174 (M.D.Ala.1999) (quoting *Colonial Bank of Ala. v. Ridley & Schweigert*, 551 So.2d 390, 396 (Ala.1989).

Common sense dictates that the reason drug representatives make representations to physicians is to encourage physicians to prescribe the products the representatives promote to the physicians' patients. In other words, the drug representatives should have reasonably foreseen that the physicians' reliance on their representations would cause the prescription by the physicians of the products they promote to the physicians' patients for their consumption. There can be no other purpose to promote said products to physicians. Such a situation is clearly within Alabama law on third party standing in misrepresentation cases. "[T]he entire basis for third party standing in misrepresentation cases is that the deceiver contemplated that the third party would be induced to act by the deceiver's misstatements made to someone else." *Chase*, 140 F.Supp.2d at 1293, citing *Sims v. Tigrett*, 229 Ala. 486, 158 So. 326, 330 (1934). *See also Ex parte Grand Manor Inc.*, 778 So.2d 173, 182 (Ala.2000) ("If the fraudulent statement is made with the intent and expectation that the one to whom it is made will pass the statement on to the plaintiff, then the plaintiff

is entitled to rely on that statement, even if it is not made personally or directly to the plaintiff"); 37 Am.Jur.2d § 292 ("Third parties may recover damages for a fraudulent misrepresentation if they can establish that they relied upon the misrepresentation to their detriment and that the defendant intended the misrepresentation to be conveyed to them"). The court is therefore of the opinion that the plaintiff has stated a cause of action for misrepresentation against the non-diverse defendants.

Under Alabama law, this meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. The allegation that the individual defendants misrepresented material facts about Pondimin and Redux to a physician, who thereafter, and in reliance on said representations, prescribed these medications to a patient who was injured by them, possibly states a valid cause of action. The fact that the drug representatives made no attempt to ascertain the truth of the facts they presented is not a bar to liability under Alabama law. Rather, even an innocent misrepresentation made in good faith may constitute a legal fraud is such misrepresentation is of a material fact. *See Goggans v. Realty Sales & Mortgage*, 675 So.2d 441, 443 (Ala.Civ.App.1979).

Having reviewed the allegations set forth in Count VI of the plaintiff's complaint, the court finds such allegations do state a possible cause of action against the resident defendants. The plaintiff need not have a winning case against the

allegedly fraudulent defendant; she need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiff has stated a claim against the non-diverse defendants, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"). Thus, the court finds that the joinder was proper and must remand the case to the state court. *See Coker*, 709 F.2d at 1440-41.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall grant the plaintiff's motion to remand this case to the Circuit Court of Walker County, Alabama, by separate Order.

**DONE** this the ___25___ day of February, 2004.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE